## Case No. 10,240.

### NICHOLS v. BURCH et al.

[5 Cranch, C. C. 553.] [1]

Circuit Court, District of Columbia. March Term, 1839.

MUNICIPAL CORPORATIONS—REGULATIONS AS TO SLAVES.

The corporation of Washington have power to pass a by-law to prevent free colored persons from going at large through the city later that 10 o'clock p. m., without a pass, &c.

[Cited in Brown v. Robertson, Case No. 2,-027.]

Assault and battery and false imprisonment.

The defendants [F. Burch and S. D. Waters], who were constables, justified the arrest and detention of the plaintiff [the negro Lloyd Nichols], under the by-law of the corporation of Washington, entitled "An act concerning free negroes, mulattoes, and slaves," passed on the 31st of May, 1827, by the 6th section of which it is enacted, "that no free black or mulatto person shall be allowed to go at large through the city of Washington at a later hour than 10 o'clock at night, excepting such free black or mulatto have a pass from some justice of the peace, or respectable citizen. or be engaged in driving a cart, wagon, or other carriage, and any free person found offending against the provisions of this section shall, on conviction thereof before a justice of the peace, forfeit and pay a sum not exceeding $10; and all such offenders may be confined in a lock-up-house until the following morning; provided however, that nothing herein contained shall be made to apply to any person of color passing peaceably through the streets to or from a meeting-house or place of worship; nor to any person of color sent on an errand by the owner or employer of such person."

Brent & Brent, for plaintiff, contended, at the trial, that the corporation of Washington had no power, under the charter, to pass such a by-law, applicable to persons of color, and not equally applicable to white persons. That the free blacks, by the general law of the land, have as good a right to be out after 10 o'clock at night as the whites, and that the by-law, therefore, was repugnant to the general law, and not authorized by any power given by the charter, nor necessary to exercise of any of the powers expressly given. In Carey v. Washington [Case No. 2,404], at November

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

term, 1836, this court decided that the corporation had no power to prevent a free colored person from selling perfumery; "that the by-laws must not be repugnant to the general law of the land, further than such by-laws are justified by the express provisions of the charter"; and that "the corporation has no power to restrain or prohibit the exercise of a common right, unless that power be expressly given, or be necessary to the exercise of a power expressly given."

Mr. Bradley, contra.

The charter of 1820 (section 8) gives the corporation power "to restrain and prohibit the nightly and other disorderly meetings of slaves, free negroes, and mulattoes." To prevent them from being out after a certain hour of the night is one of the easiest and surest means of restraining such meetings, and is necessary to the efficacious exercise of that power. This case is, therefore, quite different from that of Carey, and is more like that of Johnson, at March term, 1838 [Id. 7,420], under the by-law prohibiting the grant of tavern licenses to persons of color.

THE COURT (nem. con.) was of opinion that the corporation had power to pass the by-law of 31st May, 1827, § 6, to prevent free persons of color from being out after 10 o'clock p. m.

The plaintiff became nonsuit.